ALLEN & LEWIS v. OREGON R. & NAV. CO. et al.

(Circuit Court, D. Oregon. November 20, 1899.)

No. 2,551.

1. CARRIERS—INTERSTATE COMMERCE LAW—UNJUST OR DISCRIMINATIVE RATES.
   The proportion in which freight earned by two connecting railroads under a joint tariff schedule is divided between them is a matter for their consideration alone, and cannot be taken cognizance of by a court for the purpose of determining that the share received by one constitutes an unjust or discriminative rate, under the interstate commerce law.

2. SAME.
   Complainant's bill alleged that it was a wholesale dealer in merchandise, located at Portland, Or.; that defendants, owners of connecting railroad lines, had established a schedule of joint freight tariffs between Portland and points in Idaho on the second line; that such second road, in connection with a third, had also established a schedule of joint rates on

freight from San Francisco to the same points, under which the charge from San Francisco was the same as from Portland, although the distance was greater; and that, under the divisions made between the respective roads, the second road received a smaller rate, relative to the length of the haul over its line, under the latter than under the former schedule, in which the haul was from the opposite direction. The bill charged that such facts constituted an undue preference in favor of San Francisco and its merchants over Portland and its merchants, in violation of section 3 of the interstate commerce law, and that therefore the rates charged from Portland were unjust and unreasonable, under section 1 of such law. *Held,* that the bill stated no grounds for relief under either section: (1) Because the rates from Portland, not being alleged to be unjust or unreasonable in themselves, could not become so by comparison with other joint rates from an opposite direction, and from a different and competing point on a different line of road; (2) because the shipments under the second schedule being entirely without the district, and the other road, which was a party to such schedule, not being before the court, it had no jurisdiction over that schedule, or power to prevent the discrimination complained of; and (3) for the further reason that it is not the purpose of the third section of the act to prevent competition in rates between different points on different lines of road.

**8. SAME.**

The fact that a shipper under a joint schedule of rates over two connecting railroads is charged a smaller rate on through shipments over the entire length of the joint line than to intermediate points does not establish a claim that the latter rates are unjust or unreasonable, nor does it entitle him to claim that such rates are discriminative.

This was a suit in equity against two railroad companies, to enjoin the enforcement of a schedule of joint rates established by them, on the ground that such rates were unjust and unreasonable. On demurrer to bill.

L. B. Cox, for complainant.
W. W. Cotton, for defendant Oregon R. & Nav. Co.
Zera Snow, for defendant Oregon Short-Line R. Co.

BELLINGER, District Judge. The complainant is a private corporation engaged in the wholesale grocery business in this city. The defendants are owners, respectively, of two lines of railroad which connect at the town of Huntington, in this state, and thus form a through line for traffic from this city, through the state of Idaho, to Ogden, in the state of Utah; and they have established such a line for a continuous carriage of goods and other property and commodities from Portland to Ogden and intermediate points. The defendant the Oregon Short-Line Railroad and the Southern Pacific Railroad form a connection at Ogden, and these two roads have established a line for a continuous carriage of freight from San Francisco to points on the line of the former road between Ogden and Huntington. The complaint is that the Oregon Railroad & Navigation Company and the Short-Line Company have established a schedule of freight charges on shipments from Portland to Ogden and intermediate points that are the same as those established by arrangement between the latter company and the Southern Pacific Company between San Francisco and the same points, notwithstanding the longer haul over the latter route. The distance from Portland to Caldwell and Shoshone, Idaho, is, respectively, 477 and 623 miles, and

98 F.—2

to Ogden 865 miles, while that from San Francisco to Shoshone is 1,025 miles, to Caldwell 1,221 miles, and to Ogden 833 miles. The joint rate established by the Oregon Railroad Company and the Short Line between Portland and these Idaho points is $2.13 per 100 pounds. The Ogden rate is $1.72½. The Short-Line Company and the Southern Pacific have established the same rate between San Francisco and these points.

The allegations of the complaint are, in substance, as follows: That on the through haul of Portland freight the Oregon Railroad & Navigation Company receives the amount of its own rate to Huntington, and the Short Line receives the excess; and the Southern Pacific receives the amount of its own rate to Ogden, and the Short Line the excess. That, "in consideration of the premises," the freight ·charges·made by the Oregon Railroad & Navigation Company and the Short-Line Company, "as set forth in their joint freight tariff," are unreasonable and unjust, and in violation of section 1 of the act of congress (24 Stat. 379). That the defendants are charging and receiving more for freight for the shorter haul to intermediate points than to Ogden, the circumstances and conditions being substantially the same. That the Oregon Short-Line Railroad has entered into the joint freight tariff with the Southern Pacific Company, and is charging and receiving lower rates for the carriage of property thereunder than it is charging and receiving for like service in the carriage of property under the joint freight tariff with the Oregon Railroad & Navigation Company, for the purpose of giving, and is thereby giving, San Francisco and its merchants an undue and unreasonable preference over the city of Portland and its merchants, in this: that the said merchants and dealers of San Francisco are given the same freight rates to the various towns and ·side tracks up to the town of Caldwell, a distance ranging from 1,075 to 1,221 miles (and special commodity rates as far as the town of Weiser), that are required to be paid under the joint freight tariff of the Oregon Railroad & Navigation Company and Short-Line Company; and the Short-Line Company is charging and receiving a much less rate under the "joint freight tariff" with the Southern Pacific Company for its services in the transportation of property than it is charging and receiving under the "joint freight tariff" with the Oregon Railroad & Navigation Company for its services in the transportation of like property a like distance, the circumstances and conditions attending the transportation of such property under both of said tariffs being substantially the same. That this discrimination is made in order to give San Francisco and its merchants an unreasonable preference over the city of Portland and its merchants, "and that said action of said Oregon Short-Line Railroad is having such effect," and that the Oregon Railroad & Navigation Company, by entering into the unjust and unreasonable "joint freight tariff" arrangement with the Short-Line Company, is aiding and abetting in said purpose of an unreasonable preference by the Short-Line Company in its joint tariff agreement with the Southern Pacific Company, "and that, by reason of the matters and things here stated, the defendants conjointly, and the Oregon Short-Line Railroad distinctively, are violating section 3 of said

act of congress." That owing to the unjust and unreasonable rates charged by the defendants from Portland to the several mentioned points in Idaho and Oregon on the merchandise and commodities in which complainant deals, and the undue and unreasonable preference given by the defendants to the city of San Francisco and the merchants and dealers there located in business, and the undue and unreasonable prejudice to which the city of Portland and the merchants and dealers there located in business are subjected in the matter of freight rates, complainant has been unable to compete with the merchants and dealers in like lines of goods and commodities at San Francisco, and has been almost entirely compelled to abandon, and been excluded from, the business which it and its predecessors in business formerly conducted with the merchants, dealers, and other persons living and doing business at the points mentioned in Idaho, and has lost the profit it would have made on such business if said unjust and unreasonable and discriminative rates had not been made,—the same exceeding in amount the sum of $2,000,—and is prevented from making the profit which it could now make if said freight rates were just and reasonable and fair towards the city of Portland and the complainant, which said profit would exceed the sum of $2,000. The prayer of the complaint is: That the rates of charges made by the defendants for the transportation of property from Portland, Or., to Shoshone and Ketchum, Idaho, and intermediate points, as set forth and shown in their "joint freight tariff" (Complainant's Exhibit A), be declared unjust and unreasonable, and that the defendants may be enjoined from continuing the same. And that the defendants may be enjoined from charging a greater rate for the carriage of property under any joint or common schedule of charges, or any common control or arrangement whatever, from Portland, Oregon, to Shoshone, Idaho, and intermediate points in Idaho, and likewise the points of Ontario, Arcadia, and Nyssa, in Oregon, than the charges they make for transporting like property from Portland to Ogden, in the state of Utah. And that the defendant Oregon Short-Line Railroad may be enjoined from maintaining or entering into with the Oregon Railroad & Navigation Company any joint or common schedule of charges, or any joint or common agreement or arrangement whatever, for the transportation of property originating at Portland, Oregon, from Huntington, along the line of its road and branch roads, at any greater rate to said Oregon Short-Line Railroad, per ton, or fraction thereof, per mile, than it charges for the carriage of like property, per ton, or fraction thereof, per mile, from Ogden, along the line of its road and branch roads, under a joint or common schedule of charges, or a common control or arrangement, with the Southern Pacific Company; such decree to be applicable to the points in Idaho herein above named, lying along the line of said Oregon Short-Line Railroad from Old's Ferry to Shoshone, and thence up the branch line to Ketchum, including all of said points and intermediate points, and also including Boise, on a branch line, and Ontario, Arcadia, and Nyssa, in Oregon.

Briefly stated, the complaint is that the Short Line and the Southern Pacific have made a joint tariff for freight between San Francisco

and the Idaho points, under which the same rate is charged as that charged by the joint tariff of the Short Line and the Oregon Company from Portland to the same points, and under which the Short Line receives ratably much less for its haul than it receives on Portland freight; that the object of this is to give to San Francisco and its merchants an undue and unreasonable preference over Portland and its merchants, and that the Oregon Railroad & Navigation Company is aiding and abetting this purpose by entering into the joint traffic arrangement in question with the Short-Line Company, and that in this way the former company, conjointly with the latter, and the latter distinctively, are violating section 3 of the interstate commerce act, which makes it unlawful for any common carrier subject to the act to give any undue or unreasonable preference or advantage to any particular person or locality; and that because of these facts the joint tariff of the Oregon Railroad & Navigation Company and the Short-Line Company is unreasonable and unjust, and in violation of section 1 of such act.

The complainant is proceeding upon the theory that the action of the Short-Line Company in entering into a joint tariff arrangement with the Southern Pacific, by which it receives a smaller rate as its proportion of the through haul under that arrangement than it receives for its proportion of the haul under its joint tariff agreement with the Oregon Railroad & Navigation Company, has the effect to make both joint tariffs discriminate against Portland, and therefore unlawful. There is no complaint that the rate of the Oregon Railroad & Navigation Company from Portland to Huntington is excessive or discriminating, and it is alleged that, of the joint rate, this is what that company receives. Nor is there any complaint that the excess above the Oregon Company's rate, charged and received by the Short-Line Company as its share of the joint rate, nor that the joint rate established by the two companies, is unjust or unreasonable, except as these charges are related to the charges made under the joint tariff established by the Southern Pacific and the Oregon Short-Line Companies. The allegation as to the unreasonableness of the joint rate made by the Oregon Railroad & Navigation Company and the Short-Line Company is that, "in consideration of the premises,"—in consideration of the alleged discrimination against Portland merchants in the two joint rates, and of the lower charge for the longer haul to Ogden,—such rate is unjust and unreasonable, and in violation of section 1 of the interstate commerce act. The case is therefore one of alleged unlawful discrimination in the rates described and complained of, and unless there is such discrimination there is no ground for relief. The fact that the Short-Line Company, under its joint tariff arrangement with the Oregon Railroad & Navigation Company, receives ratably more for its haul than it receives under its tariff arrangement with the Southern Pacific Company, is not a matter cognizable by the court. In forming by agreement any joint tariff, the basis of division, and the proportion of moneys each company shall take, is a matter left to their determination. There is no power to compel connecting companies to contract with each other,—much less, to fix the pro-

portion that each company is to receive of any joint or through rate. Railway Co. v. Osborne, 3 C. C. A. 347, 52 Fed. 914. The facts are, moreover, that the freight hauled by the Short Line under its joint arrangement with the Southern Pacific is hauled in the opposite direction from that hauled under the joint arrangement with the Oregon Company. It is subjected to a much longer haul before reaching the Short Line than that received from the Oregon Company, and, when the length of haul is considered, the Short Line's charges on its Southern Pacific freight are greater than those on its Oregon Railroad Company's freight; that is to say, in proportion to the through haul the Short Line's share in the charges on freight delivered to it by the former company is greater than the share it receives in the charge under the joint tariff for the carriage of Oregon freight. But the reasonableness of the division between the two companies is immaterial. The joint arrangement between the Southern Pacific and Short-Line Companies formed for the two roads practically a new and independent line from San Francisco to the Idaho points in question. The division between the companies of the freight earned by this line is, as already stated, a matter for their determination. It concerns nobody but themselves, and whether the joint tariff of these roads violates the interstate commerce law is a matter without the jurisdiction of this court. No part of this line is in this district, and, moreover, the Southern Pacific Railroad Company, one of the parties to the tariff complained of, is not a party in the suit.

In the brief filed in its behalf, complainant's grievance is set forth as follows:

"The San Francisco merchant starts out with an advantage over the Portland merchant due to the incidents of geographical situation, but he is further removed from the seat of trade. He is entitled to these advantages, and entitled to any rate he can get from his carriers, so long as it is fair and just, not only to himself, but to his Portland competitor; but he is not entitled to a rate which is unfair and unjust to his Portland competitor. Starting with this advantage, if he is let into the common territory on an equal freight rate he will drive the Portland merchant out of the field."

What is wanted, therefore, is that the court shall decree against an equal freight rate,—against the alleged advantage which the joint rate established by the Southern Pacific and the Short Line gives to the merchants of San Francisco as compared with the rate established by the Oregon Railroad & Navigation Company and the Short Line. How is this to be done? By reducing the latter rate, without reference to the question as to whether it is excessive? What, then, is to prevent the Southern Pacific and Short Line from making a like or even greater reduction, by which the wrong complained of will be continued or aggravated? The case is put upon the ground that independent lines from competing points must make their rates conform upon a mileage basis, and that in this case, the joint tariff line of the Short Line and the Oregon Railroad & Navigation Company being shorter than that of the Short Line and Southern Pacific, its rate must be lower than the joint rate fixed by the latter roads. There is nothing in the act of congress that compels one competing line to charge less or more than its rival. Either

company may fix its rate without reference to those of other companies competing for business from the same or different points of supply. The act is not intended to prevent competition, and competition is what is complained of. The fact that competition results in placing one shipping point at a disadvantage with another does not make a case of discrimination. In the case of Savannah Bureau of Freight & Transportation v. Charleston & S. R. Co., 7 Interst. Commerce Com. R. 458, there was the same rate from Savannah to Valdosta, 158 miles, that was charged by an independent line from Charleston to Valdosta, 413 miles. The commission in that case say:

"If the railroads constituting the line from Charleston to Valdosta see fit to make the same rate from Charleston as is made from Savannah, we have no power to order them not to do so, for it has always been understood that the commission had no authority to fix a minimum rate."

It is obvious that the relation which the rate established by one independent line of railway bears to another is not subject to change or control by the courts or the interstate commerce commission. As said in the case cited, "each line is an independent line, and may fix its own rate wherever it pleases; and we have no power whatever over that rate, when established." If the Southern Pacific and the Short-Line roads see fit to establish a losing rate for a continuous carriage of goods from San Francisco to Idaho points, there is no power to prevent it, or to compel the Oregon Railroad & Navigation Company and the Short Line to make a lower or the same rate from Portland to such points. Competition between rival points and roads cannot and should not be prevented.

The complaint that the lower rate for the longer haul to Ogden is in violation of section 4 of the interstate commerce act concerns only the places discriminated against. It is not unjust to Portland that the more distant point of Ogden has a lower rate than intermediate Idaho points. Portland has the benefit of the low rate to Ogden. Its interests will not be advanced by an increase in that rate. If this low rate discriminates in favor of Ogden, it is against the intermediate points, where the higher rate is collected. The question of discrimination is determined by the relation of the two rates. That rate may be unreasonable in itself, or it may be unjust as related to the rates given to other points. In the latter case the objection is overcome by increasing the lower rates until, making due allowance for length of haul, equality is established between the complaining and the favored points. So that in this case, if the Ogden tariff is increased relatively to the rate given to Caldwell, Shoshone, and other intermediate points, the complaint of discrimination will be satisfied; but how will Portland be affected by this? Possibly to her injury, by being shut out of the Ogden market; at least, not otherwise. The object of the law against discrimination is to maintain equality in rates, all things considered, between points on the same line of railway service, to prevent the building up of one point at the expense of another. But there is no inequality as to Portland in the fact that Ogden has a lower rate than Caldwell

or Shoshone, and there is no cause for complaint on this ground by her merchants.

Inasmuch as the complaint does not state facts sufficient to constitute a cause of suit, the question as to the jurisdiction of the court under the interstate commerce act is not considered. The demurrer is sustained.