## ALLEN & LEWIS v. OREGON R. & NAV. CO. et al.

### (Circuit Court, D. Oregon. January 16, 1901.)

### No. 2,551.

CARRIERS—INTERSTATE COMMERCE LAW—UNJUST OR UNREASONABLE RATES.

Complainant's bill alleged that it was a wholesale dealer in merchandise, located in Portland, Or.; that defendants, owners of connecting lines of railroad, had established a schedule of joint freight tariffs between Portland and points in Idaho and Utah, on the second line of road, which were unreasonable and excessive, both as a whole and the proportion thereof received by each company. But the injury complained of did not arise from the fact that such rates were unreasonable in themselves, but that they were excessive as compared with other rates charged to the same points on shipments from the opposite direction under a joint tariff between the second company and a third, which gave San Francisco merchants the same rate to such points as complainant, by reason of which fact complainant was unable to compete with the San Francisco merchants at such points. The relief prayed for was that the second company be enjoined from charging, under any joint rate with its co-defendant from Portland, any greater rate per ton or fraction thereof per mile for carriage over its road than it charged for the carriage of like property per ton or fraction thereof per mile under its joint rate from San Francisco. *Held*, that such bill stated no grounds for relief under the interstate commerce law; its gravamen being, not the excessive rates, but the equality of rates between San Francisco and Portland.

In Equity. Suit against two railroad companies to enjoin the maintenance of a schedule of joint rates on interstate shipments, alleged to be unjust and excessive. On demurrer to amended bill.

L. B. Cox, for complainant.
W. W. Cotton, for defendant Oregon R. & Nav. Co.
Zera Snow, for defendant Oregon Short-Line R. Co.

BELLINGER, District Judge. The facts in this case are contained in the opinion heretofore rendered upon the demurrer to the first complaint. 98 Fed. 16. Briefly, the complaint is that the plaintiff corporation is discriminated against, in favor of merchants doing business in San Francisco, by a joint freight tariff maintained by the defendants between Portland, Or., and points in Idaho and Utah, on the line of railway of the Short-Line Company; that this tariff operates to discriminate in favor of San Francisco merchants, because the rates prescribed by it are the same as those charged under a joint tariff made by the Southern Pacific and the Short-Line Company on freight from San Francisco to these same Idaho points; the distance from San Francisco being much greater than that from Portland. The allegations as to this are as follows:

"That the merchants and dealers of San Francisco enjoy an advantage over the merchants and dealers of Portland, in being situated nearer to the factories from which most of their goods sold in competition with the merchants

and dealers of Portland, including your orator, and likewise the goods of the Portland merchants and dealers, including your orator, are derived, and said San Francisco merchants and dealers enjoy better and cheaper transportation facilities, so that they are enabled to get their goods laid down in San Francisco more cheaply than the merchants and dealers of Portland, including your orator, can get like goods laid down in Portland; and that the lines of goods carried and sold by your orator are sold on so narrow a margin of profit that the rate of freight for the delivery of goods to the merchants, dealers, and other persons at the points hereinabove named exercises a controlling influence on the ability to conduct business."

There is further complaint that under the former tariff a less rate is charged for the greater distance to Ogden than that charged to the intermediate points in question.

A demurrer to the complaint was sustained upon the ground that the two lines (that from San Francisco and that from Portland) are competing lines, and that the relation which the rate over one of these lines bears to that over the other is not subject to control by the courts, and that the lower rate to Ogden can be a matter of complaint only to the places discriminated against; Portland being in no way unfavorably affected thereby. The complainant, upon leave obtained therefor, amended its bill by alleging that the charge made under the joint tariff by the Short-Line and Oregon Companies is unreasonable and excessive, and that the proportion of such joint tariff received by each company is unreasonable and excessive. The allegation as to the proportion so received is to the effect that of such joint tariff the Oregon Railroad & Navigation Company receives the amount of its local rate to Huntington, in Oregon, the point of junction between the two roads, and the Short-Line Company receives the residue; that the Short-Line Company and the Southern Pacific Company have established a joint through tariff between San Francisco and these same points in Idaho, under which the rates charged are the same as those charged under the joint tariff between Portland and these points, and that, of the charges so made under the joint tariff of the Southern Pacific Company and the Short-Line Company, the former company receives the amount of its usual charges to Ogden, and the Short-Line Company receives the residue, and that the amount so received by the Short-Line Company on San Francisco freight hauled by it from Ogden is less than that charged and received by it on freight hauled from Huntington to the same points; and that this is a discrimination against Portland and its merchants, including the complainant. As to the injury suffered by reason of the matters complained of, it is alleged, in substance, that the complainant company is the successor in interest of the firm of Allen & Lewis, and that at the time of the connection made at Huntington between the Oregon Railroad & Navigation Company's line and that of the Short-Line Company, which was in the year 1883, and thereafter and until 1897, Allen & Lewis carried on a business, to which complainant has succeeded, and had a large and lucrative established trade with the places in Idaho and Utah along the line of the Short-Line Company's road referred to, under a joint tariff established by the two companies in 1883,—the year of the junction of the two roads; that in the year 1897 complainant purchased all the property, business, and good will

of Allen & Lewis, and has continued the business so acquired until the present time; "that owing to the unjust and unreasonable rates hereinabove mentioned, charged by the defendants from Portland to the several points in Idaho and Oregon hereinabove mentioned, on the merchandise and commodities in which your orator deals, and the undue and unreasonable preference and advantage given by the defendants to the city of San Francisco and the merchants and dealers there located in business, including the competitors of your orator, and the undue and unreasonable prejudice and disadvantage to which the city of Portland and the merchants and dealers there located in business, including your orator, are subjected in the matter of the freight rates hereinabove set forth, your orator has been unable to compete with the merchants and dealers in like lines of goods and commodities at San Francisco, and has been compelled to abandon and has been excluded from the business which it and its predecessor formerly conducted with the merchants, dealers, and other persons living and doing business at the points in Idaho hereinabove mentioned, and has lost the profit it would have made on such business if said unjust and unreasonable and discriminative rates had not been made, the same exceeding in amount the sum of two thousand dollars, and is prevented from making the profit which it could now make if said freight rates were just and reasonable and fair towards the city of Portland and your orator, which said profit would exceed the sum of two thousand dollars." The complainant prays that the rate of charges from Portland to the Idaho and Utah points in question be decreed to be unjust and unreasonable, and that the defendants be enjoined from continuing the same, and that the defendants be enjoined from charging any greater rate on freight transported from Portland to intermediate points than that charged on freight transported from Portland to Ogden, in Utah, and that the defendant Oregon Short-Line Railroad be "enjoined from maintaining or entering into with the Oregon Railroad & Navigation Company any joint or common schedule of charges, or any joint or common agreement or arrangement whatever, for the transportation of property originating at Portland, Oregon, from Huntington along the line of its road and branch roads, at any greater rate to said Oregon Short-Line Railroad Company per ton or fraction thereof per mile than it charges for the carriage of like property per ton or fraction thereof per mile from Ogden along the line of its road and branch roads under a joint or common schedule of charges or a common control or arrangement with the Southern Pacific Company, such decree to be applicable to the points in Idaho hereinabove named, lying along the line of said Oregon Short-Line Railroad from Old's Ferry to Shoshone, and thence up the branch line to Ketchum, including all of said points and intermediate points, and also including Boise; on a branch line, and Ontario, Arcadia, and Nyssa, in Oregon."

The case presented is substantially as it was on the original bill. The amended complaint alleges, without qualification, that the Portland joint tariff in question, and the proportion thereof received by each company, is excessive; while the original complaint alleges, in effect, that these charges were unreasonable with reference to the

rates charged on San Francisco freight to the same points. The complaint, in its general scope and purpose, is not changed. The injury alleged and the redress sought do not involve the unreasonableness of the defendants' joint tariff, or of the charges reserved to each company for its share of the whole thereunder, otherwise than as these charges are related to those collected on San Francisco freight under the joint tariff maintained by the Short-Line Company and the Southern Pacific Railroad Company. The only relief prayed for as to the Short-Line Company is that it be restrained from maintaining a joint rate with the Oregon Railroad & Navigation Company for the transportation of freight from Huntington, originating at Portland, along the line of its road and branch roads, at any greater rate to said Oregon Short Line Railroad Company per ton or fraction thereof per mile than it charges for the carriage of like property per ton or fraction thereof per mile from Ogden under its joint tariff with the Southern Pacific Company. Compel the Short-Line Company to so increase its charges under its tariff agreement with the Southern Pacific Company, or so decrease those made under its tariff with the Oregon Railroad & Navigation Company, that the equality of joint rates from San Francisco and Portland to common points in Utah and Idaho will be destroyed, and the advantages enjoyed by San Francisco in having factories of its own overcome. This is what is wanted, and this, if it can be secured, will accomplish the object of the suit. The injury complained of is in the equality of rates with Portland which San Francisco has,—a thing that this court has no power to control, nor the complainant any right to complain about. If San Francisco merchants are nearer the factories from which the goods sold by them in competition with Portland merchants are obtained than the latter, or if they have cheaper or better transportation facilities, these are advantages which they have a right to enjoy; and, if the Southern Pacific Company and the Short-Line Company make the same tariff from San Francisco to Idaho points that is made by the Oregon Railroad & Navigation Company and the Short-Line Company from Portland, they exercise a right as indubitable as that of one man to sell his wares at his own price in competition with another. The Southern Pacific may carry freight from San Francisco to Ogden at a loss if it sees fit to do so. It does not follow that the Oregon Railroad & Navigation Company must do likewise on the freight carried by it to Huntington; and the fact that the Short-Line Company receives, as its proportion of the two joint tariffs, less on San Francisco freight hauled from Ogden than it receives on Portland freight hauled from Huntington, is not a ground of complaint on plaintiff's part. This is merely a matter of division of earnings between two lines having a joint tariff. The division of freight earned under such a tariff concerns nobody but the parties making the division. Furthermore, if the complaint relates to the Short-Line Company's separate charges, then the case as to this does not concern the Oregon Railroad & Navigation Company, which is misjoined with the Short-Line Company in a litigation that does not involve it. It is alleged that the Oregon Railroad & Navigation Company, of the joint tariff in question, receives the amount of its local rate to

Huntington. It is not claimed that this local rate is excessive, nor would this court have any jurisdiction in respect to it. This is a rate on points wholly within the state, and is not within any provision of the interstate commerce act. But if the matter of these separate charges by the two defendant companies, or the joint charge by them, is treated as a distinct complaint, within the power of the court to inquire into and correct, there is nothing to show that the injury to complainant's business which the court is asked to redress results otherwise than from the fact that San Francisco merchants, paying the same rate and being nearer the source of supply and having other advantages, are able to crowd complainant out of this field. If the Portland tariff was enough lower, or the San Francisco tariff enough higher, to overcome the advantages which the latter city has, then Portland could compete. Here is the grievance complained of. The Portland rate, no matter how reduced, would continue unreasonable and excessive as long as the San Francisco rate was maintained at a corresponding figure. The causes, in other words, which are particularized in the complaint, operating to produce the injury complained of, will continue to operate, no matter how low the Portland rate is, so long as the San Francisco rate is equally low. The bill alleges that the defendant companies established a joint rate in 1883, and that from thenceforward until 1897 the complainant's predecessor did a lucrative business with the places named. What that rate was, or when the present rate was established, does not appear. If the rate established in 1883 had been increased, the complainant, it must be presumed, would have stated the fact and the time and the amount of the increase. When a rate is established and continued, there is a presumption, although not conclusive, that such rate is reasonable, and therefore that a substantially increased rate is unreasonable. What was the rate under which complainant's predecessor's business at these points prospered for a period of 14 years from the junction of the two roads and the establishing of a joint tariff? Has it been increased, and, if so, to what extent? Nothing will be assumed in favor of a pleading which has not been averred; and it cannot be assumed that there has been an injurious increase in the rate of 1883, under which the lucrative business purchased by complainant in 1897 prospered. As already stated, the thing complained of is competition with San Francisco under conditions to the disadvantage of complainant and those similarly situated. From the bill of complaint in its general scope, the injury suffered appears to be due wholly to this cause, and to no other. The demurrer is sustained.