Opinion.     .

---

# Richmond.

Newport News Light & Water Company v. Peninsular Pure Water Co. (No. 1.)

January 16, 1908.

1. State Corporation Commission—*Jurisdiction over Public Service Corporations—Public Duties—Private Rights—Injunctions.*—The constitutional provision creating the State Corporation Commission and defining its duties and powers, and the Acts of Assembly passed in pursuance thereof manifest that, so far as public service corporations are concerned, the body was created to procure from them better service for the public, and to that end the Commission was given power and authority over corporations chartered and doing business in this state in the performance and discharge of their *public duties,* but· it was not intended to confer upon the Commission jurisdiction to hear and determine cases against such corporations in which the matters in controversy relate primarily to injuries to private property rights, and only affect the public incidentally. The Commission, therefore, has no jurisdiction to enjoin one public service corporation from infringing upon the private rights of another such corporation in which the public is only incidentally interested.

Appeal from State Corporation Commission.

*Affirmed.*

The opinion states the case.

*R. G. Bickford* and *Batchelor & Phillips,* for the appellant.

*S. Gordon Cumming,* for the appellee.

Buchanan, J., delivered the opinion of the court.

The only question involved in this case is whether or not

the State Corporation Commission has jurisdiction to enjoin and restrain the appellee from doing the acts complained of by the appellant in its petition for an injunction.

Both appellant and appellee are public service corporations, engaged in the business of supplying water to the towns of Hampton and Phœbus, among other places. The alleged wrongful acts sought to be enjoined are:

(1st) That appellee, without authority, and in violation of the statute law of the state relating to corporations, is proceeding to occupy with a system of water mains and pipes the same streets already occupied by the appellant in the said towns;

(2nd) That the appellee has laid and is proceeding to lay its pipes at a less distance from the outside of the pipes of the appellant, when paralleling and crossing the same, than is permitted by section 2, ch. IX, of the act concerning public service corporations, approved January 18, 1904, Acts 1902-3-4, pp. 968-1003 (Code, 1904, sec. 1294i. cl. 2.);

(3rd) That the appellee has violated sec. 3, ch. II, of the same act, which requires that one public service corporation, before crossing with its works the works of another such corporation, shall give notice of its purpose, accompanied by plans and specifications, by failing to give such notice;

(4th) That the appellee has violated sec. 17, ch. II, of the same act, which requires that public service corporations shall conform to the "act concerning corporations," which went into effect May 21, 1903, in this, that it has failed to proceed under section 6, ch. III, of the last-named act to have its charter amended so as to acquire the right of eminent domain; and that, having no such power, it has no right to cross the pipe line of the appellant without its consent;

(5th) That by virtue of those alleged wrongful acts, the improper and careless manner in which the appellee is doing the work complained of, and the insolvency of that company, the

appellant will suffer irreparable injury unless the appellee is restrained from doing the acts complained of.

The Corporation Commission declined to grant the injunction, being of opinion that it had no jurisdiction to grant the relief prayed for upon the case made.

. Section 19, ch. 2, of the act concerning public corporations (Code, 1904, sec. 1294b, cl. 19) is relied on by appellant as giving the commission jurisdiction. That clause is as follows: "'Any person or corporation aggrieved by anything done or omitted in violation of the provisions of this act, by any public service corporation chartered or doing business in this state, shall have the right to make complaint of the grievance and seek relief against such public service corporation before the State Corporation Commission, sitting as a court of record. If the grievance complained of be established, the State Corporation Commission, sitting as a court of record, shall have jurisdiction, by injunction, to restrain such public service corporation from continuing the same, and to enjoin obedience to the requirements of this act, and the said commission, sitting as a court of record, shall also have jurisdiction, by mandamus, to compel any public service corporation to observe and perform any public duty imposed upon public service corporations by the laws of this commonwealth, subject as to any matter arising under this section to the right of appeal to the Supreme Court of Appeals by either party as of right in the mode prescribed by law, but nothing in this section shall be construed to confer any power upon the State Corporation Commission which is forbidden to the courts by section twelve of chapter four of this act."

The provision quoted is broad enough, standing alone, to give the Commission jurisdiction to grant relief for any violation of any of the provisions of the "Act Concerning Public Service Corporations," by any such corporation chartered or doing business in the state; but when read, as it must be, in connection

with the constitutional and statutory provisions defining the powers and duties of the Corporation Commission (Const., sec. 156, par. "a," "b," and "c;" Act of Assembly, approved April 15, 1903, ch. 147, sec. 16, sec. 1313a, cl. 16, code, 1904), we do not think that the Commission erred in holding that it did not have jurisdiction to grant the relief prayed for in this case.

The constitutional provision defining the powers and duties of the Commission, and the act of April 15, 1903, enacted to put into effective operation the provisions of the constitution, were intended, as we understand them, to give power and authority to the Commission over corporations chartered or doing business in this state, in the performance and discharge of their *public duties,* and were not intended to confer upon the commission jurisdiction to hear and determine cases against such corporations, in which the matters in controversy relate primarily to injuries to private property rights and only affect the public incidentally.

By section 156c of the constitution, it is provided, that "In all matters pertaining to the *public* visitation, regulation or control of corporations, and within the jurisdiction of the Commission, it shall have the powers and authority of a court of record, * * *" and by section 16 of the act of April 15, 1903, it is provided that, "the Commission shall have power and authority to require, by its rules, regulations and requirements, all corporations chartered under the laws of this state and all foreign corporations doing business in this state, to perform and discharge any *public duty* or *requirement* imposed upon such corporation by the constitution or by law, and * * * the Commission may enforce against any such corporation, by its judgments and processes, any fine or penalty imposed by law for the failure of any such corporation to perform any *public* duty required of it, or to comply with any requirement of law or any lawful regulation of the commission in reference to the same."

The acts of the appellee sought to be enjoined affect primarily the property rights of the appellant, and only incidentally affect the public. If the construction contended for by the appellant be placed upon section 19, ch. II, of the act concerning public corporations, viz.: that the Corporation Commission has jurisdiction to grant an injunction for any and every violation of any of the provisions of that act, then it will have jurisdiction over a great number and variety of controversies in which the public has no interest, or if any only incidentally, such as every failure of such corporations to make compensation to any person damaged by its use of the streets or alleys of any city or town (as provided by sec. 1, ch. II, of the act); or, where its works pass through the land of another, for failing to provide suitable wagon ways across the same (as provided by sec. 2 of the same chapter); or where a telephone or telegraph company is stringing its wires across the property or premises of any person, without first having obtained his consent (as provided by sec. 1, ch. 8, of the act); or where it fails to make compensation to any person damaged in his property along the line of a public road or street before using or occupying the same with its works (as required by sec. 5 of the same chapter.)

A construction which would clothe the Corporation Commission (a body created, as it manifestly was, to procure from public service corporations better service for the public, and to that end having the powers and authority of a court of record), with jurisdiction over such a class of cases—over matters in which the public has no interest, or is only interested incidentally—ought not to be given, unless it be clear that the legislature so intended. Such an intention not being clearly manifest, when all the constitutional and statutory provisions on the subject are considered, we are of opinion that the Corporation Commission had no jurisdiction of the case made, and that its order must be affirmed.

*Affirmed.*