CHICAGO, R. I. & P. RY. CO. *et al.* v. FILSON *et al.*

No. 3437.   Opinion Filed November 26, 1912.

(128 Pac. 298.)

1.  **CARRIERS—Regulation—Power of Corporation Commission.** Section 18 (1), art. 9, of the Constitution (section 234, Williams' Ann. Const. Okla.), empowers the Corporation Commission with authority to supervise, regulate, and control railroad companies in this state in all matters relative to the performance of their public duties and their charges therefor, and to prevent unjust discrimination by such companies in the performance of such duties and their charges.

2.  **SAME — Regulation of Charges — Constitutional Provisions.** By section 13 of article 9 of the Constitution (section 229, Williams' Ann. Const. Okla.), railroad companies are permitted to issue or give free tickets, free passes, or other free transportation to baggage agents traveling on their trains.

    (a)   Such baggage agent under the terms of said section is not required to be an employee of such company.

(Syllabus by the Court.)

Turner, C. J., dissenting.

*Appeal from State Corporation Commission.*

Complaint by Theodore Filson and others against the Chicago, Rock Island & Pacific Railway Company and others, before the Corporation Commission.   From an order of the Commission, the Railway Company and others appeal.   Reversed and remanded, with instructions to dismiss complaint.

*C. O. Blake, Cottingham & Bledsoe, R. A. Kleinschmidt,* and *Clifford L. Jackson,* for appellants.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for appellees.

WILLIAMS, J.   It is essential to determine whether the Corporation Commission had jurisdiction of this proceeding.   The charge is that the appellants issued "free transportation to one W. L. Page, an employee of the O. K. Bus & Carriage (Transfer) Company, for the purpose of enabling said O. K. Bus & Trans-

fer Company to receive an undue and unfair advantage of its competitors in the transfer of passengers and baggage in Oklahoma City; that, because of the issuance of this free pass, the O. K. Bus & Transfer Company solicits business from passengers on the train without any expense to the transfer company." The commission was requested to promulgate an order canceling said free transportation and requiring the appellants to collect the usual fare therefor. Appellants contend that the pass to the employee of the O. K. Bus & Transfer Company was issued that he might board the trains at some station near Oklahoma City and go through the same to check such baggage as might be desired by passengers thereon to be transferred, and to arrange for its transfer at Oklahoma City. The appellants state that the purpose in issuing this transportation was for the convenience of the passengers upon the trains, and, if the commission determines that such transportation should not be issued, the same will be canceled; that it would be impractical to grant free transportation to all transfer companies in Oklahoma City. On the theory that it was an unlawful discrimination against complainant, who is engaged in the transfer business at Oklahoma City, the commission ordered that the appellants "shall only issue passes to such baggage agents as are in fact the agents of defendant."

The appellants insist that the commission did not have jurisdiction of this proceeding. The commission is "charged with the duty of supervising, regulating and controlling all transportation * * * companies, doing business in this state in all matters relating to the performance of their public duties, and their charges therefor, and of correcting abuses and preventing unjust discrimination and extortion by such companies." Unless the appellants are permitted under the law to issue this transportation to such employee without the regular charge therefor, this would be a discrimination, and the commission is specially empowered "from time to time to prescribe and enforce against such companies * * * rules and regulations * * * as may be reasonable and just." Section 234, Williams' Ann. Const. Okla.; section 18 (1), art. 9, of the Constitution.

It is urged by counsel that the appellants owe the public no duty to provide baggage agents for the purpose of arranging for the expeditious transfer of baggage from one depot to another. Bouvier's Law Dictionary defines "duty" to be "a human action which is exactly conformable to the laws which require us to obey them." Appellants, under the Constitution and laws of this state, are required to furnish transportation to all patrons without discrimination, and, were they not authorized by section 13 to furnish free transportation to baggage agents as they might voluntarily elect, this would constitute discrimination in charges for transportation.

*Cosby v. Richmond, etc., Co.*, 23 Interst. Com. Com'n R. 72, relates to the contention that it was the carrier's duty to provide for the delivery of baggage after it was delivered at the depot, and has no application to the questions here under determination.

*Newport News Light & Water Co. v. Peninsular Pure Water Co.*, 107 Va. 695, 59 S. E. 1099, is not in point. The Virginia Commission, which has substantially the same powers as ours, was given "power and authority * * * over corporations chartered or doing business in this (that) state, in the performance and discharge of their public duties"; but it was not intended to confer upon the commission jurisdiction to hear and determine cases against corporations, in which the matters in controversy related primarily to injuries to private property rights and only affected the public incidentally. The wrongs there alleged were that the appellee, without authority, and in violation of the statute law of the state relating to corporations, was proceeding to occupy with a system of water mains and pipes the same streets in said city already occupied by the Newport News Light & Water Company; it being contended that the pipes were being laid at a less distance from the outside of the pipes of the appellant, when paralleling and crossing the same, than was permitted by the statute of that state concerning public service corporations. It was held that the Virginia Corporation Commission had no jurisdiction of said matter.

Here the question involved is as to the charges for transportation; one transfer employee insisting that the railroad com-

pany charged him the regular fare when the employee of another transfer company was given free fare. Clearly such would be a discrimination in the fixing of charges for transportation and not permissible without being specifically authorized by the Constitution or some statute passed pursuant thereto. The commission therefore had jurisdiction to determine the question as to the alleged discrimination.

Section 13 of article 9 of the Constitution (section 229, Williams' Ann. Const. Okla.) permits appellants to issue or give to baggage agents free transportation. A baggage agent may not be an employee of the railway company. Frequently the express messenger, who is the employee of the express company, acts in the capacity of baggage agent on the train; it being done for the express company, and the express company contracting with the railway company to perform that duty for it. If it was contemplated in said section 13 that the baggage agent should always be an employee of the railway company, then the use of the term in that section was surplusage, for railroad corporations are therein specifically permitted to issue or give "any free * * * ticket, free pass, or other free transportation * * * to its employees and their families." The term "baggage agents" is contained in the phrase "to newsboys on trains, baggage agents, witnesses attending any legal investigation in which the railroad company or transportation company is interested, persons injured in wrecks, and physicians and nurses attending such persons." Obviously it was not contemplated that a baggage agent to whom the railroad corporation is permitted to issue free transportation is always to be an employee. For the appellants to issue this transportation to a transfer or baggage man in order that he may board the train a sufficient length of time before it reaches its destination in order that he may ascertain and check up the baggage that is to be transferred and to provide for its transfer immediately on the arrival of the train is in the interests of the traveling public. Frequently women, children, aged and infirm men travel without attendants; and if it were necessary for them to await the arrival of the train at its destination before arrangements were made for the transfer of baggage, frequent delays and in-

conveniences would arise. That such a practice may result in affecting one transfer company by diverting the transfer of passengers and baggage to another does not justify the commission in granting the relief sought, for section 13, of article 9 (section 229, Williams' Ann. Const. Okla.), *supra,* clearly authorizes the appellant to issue this free transportation.

It is urged that this might give the O. K. Bus & Transfer Company a monopoly of the transfer business, and they might charge the public excessive tolls for transfers. If the law does not already provide for the regulation and fixing of such charges, it may so provide, and within the sovereign power of the commonwealth there is sufficient refuge for the protection of every citizen.

It follows that the order of the commission is reversed, and this cause remanded, with instructions to dismiss the complaint.

HAYES and KANE, JJ., concur. TURNER, C. J., dissents as to the holding that the Commission had jurisdiction. DUNN, J., absent, and not participating.