** Summary ** ELECTED STATE OFFICIALS — UNAUTHORIZED REIMBURSEMENT OF EXPENSES An elected state official may not legally make a claim or receive payment for travel or per diem from his place of residence to his regularly assigned office at the State Capitol. The Attorney General is in receipt of your opinion request wherein you outline the following facts: "It has come to my attention that at least one of the state officials, not residing in Oklahoma City, but who is required to office at the Capitol, is making claims for travel and per diem from his residence to his office at the Capitol city." Based on those facts you in effect ask the following question: "May an elected state official legally make claims for and/or receive payment for travel and per diem from his place of residence outside of the Capitol city to his office at the State Capitol?" The 1972 Legislature repealed and replaced those statutes relating to state travel reimbursement. The pertinent statutory provisions appear in Title 74 and as applicable here, provide: "74 Oklahoma Statutes 1972 Supp., 500.2 provides in pertinent part: "Officials and employees of the State of Oklahoma, traveling on authorized State business, may be reimbursed for expenses incurred in such travel in accordance with the provisions of this Act and existing statutes relating to State travel. . . ." Title 74 O.S. 500.4 [74-500.4] (1972) provides for the rate of reimbursement and the authority to utilize the various modes of transportation necessary to transport one on official state business. Title 74 O.S. 500.7 [74-500.7] (1972) provides: "Travel status for meals and lodging purposes shall be defined as) absence from the officer's or employee's home area and/or official station area, while performing assigned official duties." (Emphasis added) Obvious throughout the wording of the statutes relating to reimbursement of state employees or officials is the one reoccurring phrase "performing assigned official duties." The question that must be answered here, therefore, is whether or not travel from one's place of residence outside of the Capitol city area to the official's office at the state capitol can be considered official state business or the performance of an official duty. Duty in the ordinary sense of the word is a designation for those obligations which rest upon an official to perform or do in specified situations. The Supreme Court of the State of Oklahoma has defined duty as: "A human action which is exactly conformable to the laws which requires us to obey them. Chicago, etc. R. Co. v. Filson, 35 Okl. 89,128 P. 298." This definition clearly covers those situations where an individual must travel in order to accomplish an objective of his employment. For example, under 74 O.S. 1972 500.7 [74-500.7] one would be entitled to reimbursement for travel from his place of residence on an official duty. However, nowhere do We find within the wording of the travel reimbursement statutes a definition of official state duty as that of one simply traveling from his residence to his office. Furthermore, to approve reimbursement for travel from one's residence to his office would be to approve a construction of the statutes that would lead to absurd consequences which obviously the Legislature either did not contemplate or intend. When this situation occurs we are bound to adopt a construction that is reasonable. Brown v. State Election Board,197 Okl. 173, 170 P.2d 280. It certainly does not appear that the Legislature intended to reimburse such travel; otherwise, each state employees would be entitled to claim daily travel from home to the office regardless of distance or place of residence. When interpreting the statutes of the State of Oklahoma, we are bound by the fundamental rules of construction that the plain meaning of a statute must be followed if the language contained therein is unambiguous and capable of clear construction. Special Indemnity Fund v. Harold, Okl., 398 P.2d 827. It appears obvious to us that travel and per diem claims are only to be reimbursed to an official of the State of Oklahoma while performing assigned official duties. It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that an elected state official may not legally make a claim or receive payment for travel or per diem from his place of residence to his regularly assigned office at the State Capitol. (Robert H. Mitchell) ** SEE: OPINION NO. 75-188 (1975)) **