WILLIAM N. CROMPTON vs. JAMES L. SPENCER.

PROVIDENCE—DECEMBER 18, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

Where a negotiable promissory note is made payable to the order of and en-
dorsed by the maker, and is subsequently endorsed by others, the latter be-
come successive endorsers and not joint makers.

The liability of endorsers, in the absence of any agreement affecting the same, is
determined by the order in which their names appear on the note.

A promissory note is not so merged in a judgment thereon, obtained by the
payee, as to affect the relations between the successive endorsers thereof.

ASSUMPSIT by a subsequent endorser of a promissory note
against a prior endorser, brought after judgment thereon
obtained by the payee and paid by the plaintiff. Heard on
the defendant's petition for a new trial.

MATTESON, C. J. The defendant's claim is based on the
assumption that the two accommodation endorsers were joint
makers of the note in suit. The note itself shows, however,
that they were not joint makers but successive endorsers,
the note being payable to the order of the defendant and en-
dorsed by him before being endorsed by the plaintiff. In this
respect it differs from Carpenter v. McLaughlin, 12 R. I.
270. In the absence of any agreement affecting the liability
of endorsers, their liability is determined by the order in
which their names appear on the note. We find no error in
the ruling of the court directing a verdict for the plaintiff.

The defendant makes the point that the judgment on the
note in the suit brought by the bank operated as a merger of
the note, is conclusive on the parties to it, and excludes a
defence growing out of the relations of first and second en-
dorser existing between them prior to the recovery of the
judgment. The only case cited in support of the point is
Marshall v. Aiken, 25 Vt. 328. That case, however, treats
of the effect of a merger on the rights of a surety as against
a creditor. The court held that, as against a creditor, judg-
ment upon the note operated as a merger of the note at law,

though it might not be so at equity, and became so far conclusive on the parties as to exclude a defence growing out of the relation of principal and surety existing between the parties in the judgment prior to its recovery. The court, on page 335 of its opinion, says: "We do not suppose that the judgment in any way affects the relation between the principal and surety. That stands, as before, between themselves." We do not think that the merger of the note in the judgment in favor of the bank affected the relation between the plaintiff and defendant as successive endorsers of the note.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Dexter B. Potter*, for plaintiff.

*Samuel W. K. Allen*, for defendant.