**OKLAHOMA GAS & ELECTRIC CO. et al. v. OKLAHOMA NATURAL GAS CO. et al.**

*No. 11778—Opinion Filed Feb. 1, 1921.*

(Syllabus.)

1. **Corporation Commission—Control of Contracts Between Public Service Corporations.**

Public service corporations have a right to enter into contracts between themselves, but such contracts are subject to the control and supervision of the Corporation Commission, if they are unconscionable, oppressive, and impair the obligation of the public service corporations in the discharge of their public duty to the public.

2. **Corporation Commission — Procedure — Pleading—Notice.**

The jurisdiction of the Corporation Commission does not depend upon the form or sufficiency of any pleading; the test being, not the relief prayed for, but that granted. (a) It is not essential for petition to be filed with the Corporation Commission, but that notice shall be had on the company or corporations to be affected.

3. **Prohibition—Right of Corporation Commission to Inquire into Contracts Between Public Service Corporations.**

Writ of prohibition will not lie to enjoin the Corporation Commission from proceeding to inquire into contracts entered into between public service corporations, when said contracts may be unconscionable, oppressive, and impair the obligation of the public service corporations in the discharge of their duty to the public.

Agreed case. Application by the Oklahoma Gas & Electric Company, the Muskogee

Gas & Electric Company, the El Reno Gas & Electric Company, and the Enid Electric & Gas Company, for writ of prohibition to Corporation Commission. Writ denied.

Paul Reiss and Owen & Flynn, for plaintiffs.

E. S. Ratliff, for the Corporation Commission.

Ames, Chambers, Lowe & Richardson, for the Oklahoma Natural Gas Company, appearing as amici curiae.

McNEILL, J. This is an agreed case filed pursuant to section 5303, Revised Laws 1910, by the Oklahoma Gas & Electric Company, a corporation, and other corporations, as plaintiffs, and the Oklahoma Natural Gas Company, a corporation, and the Corporation Commission of this state, as defendants.

The plaintiffs are public service corporations owning franchises in Oklahoma City and other cities and are engaged in distributing and selling gas to the citizens. The Oklahoma Natural Gas Company is a public service corporation engaged in producing, furnishing, and selling natural gas.

This controversy arises over a contract executed on the 22nd day of May, 1907, between the Oklahoma Natural Gas Company and the Oklahoma Gas & Electric Company wherein the Oklahoma Natural Gas Company was to sell gas and deliver it into the pipe lines of the Oklahoma Gas & Electric Company in this city and was to receive therefor generally two-thirds of the gross amount collected by the Oklahoma Gas & Electric Company from its consumers; said contract to be in force for a period of 20 years. The Oklahoma Natural Gas Company has furnished gas to the Oklahoma Gas & Electric Company under the terms of said written contract, and the Oklahoma Gas & Electric Company has sold the same to the citizens and collected therefor and settled with the Oklahoma Natural Gas Company according to the terms of said contract up to the present time. The status of the other plaintiffs is similar to that of the Oklahoma Gas & Electric Company, and we will not mention their contracts, as the determination of the one question determines the rights of all the parties.

On the 10th day of August, 1920, the Oklahoma Natural Gas Company filed a petition with the Corporation Commission asking the Corporation Commission to fix what is known as a city gate rate, and permit it to furnish the Oklahoma Gas & Electric Company gas under a city gate rate, instead of under its percentage contract, and that the commission ascertain the value of the property of the Oklahoma Natural Gas Company and fix a reasonable city gate rate to be charged the Oklahoma Gas & Electric Company for the gas received by it from the Oklahoma Natural Gas Company.

It is the contention of the Oklahoma Natural Gas Company that the Corporation Commission has authority to fix said city gate rate in lieu of the percentage contract, which expires May 22, 1927, upon the theory that said contracts are subject to the superintending power and control of the state in that they affect the public's interest. It is contended by the plaintiff herein that the relation between the Oklahoma Natural Gas Company and the local company is contractual, that of principal and agent, seller and purchaser, and the state has no jurisdiction to alter or impair the terms of the contract between said parties; it being admitted that prior to the execution of the contract the parties sustained no relation toward each other and there was no duty for one to contract with the other. The plaintiff contends that the changing of the terms of the contract would be in violation of section 15, art. 9, of the Constitution of this state, and section 10, art. 1, of the Constitution of the United States, which forbids any state passing any law impairing the obligation of a contract, and in violation of the Fourteenth Amendment of the Constitution of the United States, prohibiting the taking of property without due process of law.

The plaintiff filed a demurrer to the petition of the Oklahoma Natural Gas Company, which demurrer was overruled by the Corporation Commission, and it is alleged that the Corporation Commission will proceed to hear evidence regarding the petition of the Oklahoma Natural Gas Company and the plaintiff has no speedy and adequate remedy at law.

The question involved in this controversy is: Whether the Corporation Commission has power to inquire into the terms of the contract between the Oklahoma Natural Gas Company and the Oklahoma Gas & Electric Company, and if the contract affects the public interest, would the Corporation Commission have power or authority to change the terms of the same?

We think the rule may be stated as follows: Public service corporations have a right to enter into contracts between themselves, and their contracts are not subject to control or supervision of the Corporation Commission, unless said contracts are unconscionable, oppressive, and impair the obli-

gation of the public service corporation to discharge its public duty as a public service corporation to the public. This contention is supported by the holding in the following cases: Dubuque & Sioux City R. Co. v. Richmond, 19 Wall. 584, 22 L. Ed. 173; State ex rel. Corp. Comm. v. Seaboard Air Line R. Co. (N. C.) 92 S. E. 150; Pub. Util. Rep. 1917 E, p. 927; Allen & Lewis v. Ore. R. & Nav. Co., 98 Fed. 16; S. F., Pres. & Phe. R. Co. v. Grant Bros., 228 U. S. 177, 57 L. Ed. 787; Newport News L. & W. Co. v. Peninsula Pure Water Co. (Va.) 59 S. E. 1099; A., T. & S. F. R. Co. v. R. R. Com- (Cal.) 160 Pac. 828; Minneapolis & St. L. R. Co. v. Minnesota, 186 U. S. 257; Philadelphia, Baltimore & Washington R. Co. v. Schubert, 224 U. S. 603; Grand Trunk R. Co. v. R. R. Commission of Indiana, 221 U. S. 400.

The Supreme Court of North Carolina discussed both principles in the case of State ex rel. Corp. Com. v. Seaboard Air Line R. Co. (N. C.) 92 S. E. 150, as follows:

"It is undoubtedly true, as contended by petitioner, that public service corporations cannot by contracting among themselves deprive the state of its rights to exercise its police power in the interest of public safety. If the contract does not adequately protect the public, then the police power may be used to the full extent necessary to require the contracting parties, notwithstanding the contract, to conform to every requirement necessary for the public safety. But, under the guise of an exercise of the police power of the state, the courts cannot deprive a citizen of property or contract rights that have no tendency to injure the public health, morals, safety, or general welfare. As said in Kansas City So. R. Co. v. Kaw Valley Drainage District, 233 U. S. 75, 58 L. Ed. 857: 'The decisions also show that a state cannot avoid the operation of * * * (The 14th Amend.) by simply invoking the convenient apologetics of the police power.' See, also, Mugler v. Kansas, 123 U. S. 623, 31 L. Ed. 205, 8 Sup. Ct. Rep. 273; Eubank v. Richmond, 226 U. S. 137, 57 L. Ed. 156, 42 L. R. A. (N. S.) 1123, 33 Sup. Ct. Rep. 76, Ann. Cas. 1914B, 192."

The plaintiff contends that the petition of the Oklahoma Natural Gas Company does not meet the above requirements, as it does not disclose in what manner the public is interested, and plaintiff is not asking for an increase in a gas rate, and the same does not state a cause of action. If the same particularity is required in pleading before the Corporation Commission as is required before the courts of this state, this contention may be well founded, but the jurisdiction of the Corporation Commission does not depend upon the pleadings. The Legislature has prescribed no procedure and made no provision for pleadings to be filed with the Corporation Commission, nor is it essential that pleadings be filed with the Corporation Commission before the Corporation Commission has jurisdiction over public utilities. Such was the holding of this court in the case of St. Louis & S. F. R. Co. v. Miller, 31 Okla. 801, 123 Pac. 1047, where the court stated as follows:

"The jurisdiction of the Corporation Commission does not depend upon the form or sufficiency of any pleading, the test being, not the relief prayed for, but that granted.

"(a) It is not essential for any petition to be filed, but that notice shall be had on the company or corporations to be affected."

By applying the same rule to the case at bar, this being an application for writ of prohibition, it is not a question of whether the petition states facts that entitle the Oklahoma Natural Gas company to relief, but it is a question of whether the Corporation Commission has jurisdiction under any circumstances to exercise a supervisory control over the contracts if said contracts are unconscionable, oppressive, and by reason of said fact either of the public service corporations would be unable to discharge its duties to the public by reason thereof.

Having reached this conclusion, it necessarily follows that the writ should be denied.

All the Justices concur.