## GEORGIA PUBLIC SERVICE COMMISSION *v.* TAYLOR.

No. 7718. FEBRUARY 11, 1931. REHEARING DENIED FEBRUARY 28, 1931.

102

S. J. Smith Jr., for plaintiff in error.

E. W. Maynard and E. F. Taylor, contra.

ATKINSON, J. 1. "Injunction is an available remedy to enjoin the Georgia Public Service Commission from undertaking to regulate a business over which the power of regulation has not been conferred upon that body." McIntyre v. Harrison, ante, 65.

2. "The motor-carrier act of 1929 is applicable alone to common carriers by automotor-vehicles, and does not apply to private carriers of goods in such vehicles for hire over the public highways of this

State; and such private carriers are not thereby subjected to the control or regulation of the Public-Service Commission of this State." *McIntyre* v. *Harrison,* supra.

3. "Where a motor-vehicle operator is in fact an existing private carrier, the legislature can not by its edict compel him to become a public or common carrier, so as to subject him to regulations which are applicable alone to common carriers." *McIntyre* v. *Harrison,* supra.

4. "Whether a person is a common carrier or a private carrier depends upon the facts; and where there is a question whether the carrier is a private or a common carrier, it is to be determined by the facts relating to, first, whether it is public business or employment, and whether the service is to be rendered to all indifferently; and, second, whether one has so held himself out as so engaged as to make him liable for a refusal to accept the employment offered. The mere fact that a carrier invites all and sundry persons to employ him does not render him a common carrier, if he reserves the right of accepting or rejecting their offers of goods for carriage, whether his vehicles are full or empty, being guided in his decision by the attractiveness or otherwise of the particular offer, and not by his ability or inability to carry, having regard to his other engagements." *McIntyre* v. *Harrison,* supra.

5. The evidence in this case, being substantially as indicated in the statement of facts, demanded a finding that the plaintiff was a private and not a common carrier. *McIntyre* v. *Harrison,* supra, and cit.; Steele *v.* McTyer, 31 Ala. 667 (70 Am. D. 516) ; Ingate *v.* Christie, 3 Car. & K. 61; The Cape Charles, 198 Fed. 346; The Dan, 40 Fed. 691; The Pawnee, 205 Fed. 333; Faucher *v.* Wilson, 68 N. H. 338 (39 L. R. A. 431, 38 Atl. 1002) ; Electric Supply Stores *v.* Gaywood, 100 L. T. N. S. 855; Watkins *v.* Cottell, 1 K. B. 10, 114 L. T. N. S. 333; Chattock *v.* Bellamy, 64 L. J. Q. B. N. S. 250. Consequently the motor-carrier act of 1929, supra, was not applicable to the business in question.

6. The judge did not err in granting the temporary injunction.

7. Having held that the act was inapplicable to the business in question, it becomes unnecessary to rule upon questions other than those dealt with in the foregoing notes.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Gilbert, J., who dissent, and Beck, P. J., absent for providential cause.*

GILBERT, J., dissenting in part and concurring in part:

1. I dissent from the ruling made in the first headnote.

2. I dissent from the ruling made in the second headnote, for the reasons set out at length in the dissent filed in *McIntyre* v. *Harrison,* 172 *Ga.* 65 (157 S. E. 499). The motor-carrier act of 1929, in express terms, applies to "the business of transporting for hire persons and property by motor vehicles on the public highways of this State." The act defines "motor-carrier," as used in the act, to mean, unless expressly stated otherwise, "every corporation or person owning, controlling, operating, or managing any motor-propelled vehicle (and the lessees, or receivers, or trustees thereof, appointed by any court whatsoever) used in the business of transporting persons or property for hire over any public highway in this State and not operated exclusively within the incorporated limits of any city or town." So that under the express terms of the act this court applies a purely arbitrary construction in ruling that the motor-carrier act of 1929 is applicable alone to common carriers by motor-vehicle, and does not apply to private carriers, etc.

3. I fully concur in the ruling made in the third headnote, as based upon the decision of the Supreme Court of the United States in Frost *v.* Railroad Commission of California, 271 U. S. 583 (46 Sup. Ct. 605, 70 L. ed. 1101, 47 A. L. R. 457). But in my opinion no such question is involved in this case, because neither the legislature, the Public-Service Commission, nor the Comptroller-general is undertaking to require a private carrier to become a common carrier. There is nothing in the act to authorize such a construction. As stated in my dissent in *McIntyre* v. *Harrison,* the question whether a transportation company is a common carrier or not depends upon the character of business transacted, and not upon whether the legislature or the Public-Service Commission is requiring such transportation company to submit to prescribed regulations. The ruling in this case, as well as in the case of *McIntyre* v. *Harrison,* upon which it is based, as I construe it, is in effect a holding that the provision in the motor-carrier act of 1929 which requires those who are engaged in the business of transporting for hire persons or property by motor-vehicle on the public highways of this State to obtain from the Public Service Commission a certificate of public necessity and convenience is in effect impliedly

requiring a private carrier to become a common carrier, and that, because the act requires all engaged in such business to procure such certificate, all carriers are thereby required to become common carriers. With all due respect to my learned colleagues, I can see no basis for such construction and conclusion. In my opinion the test rests rather upon whether or not the business transacted is one affected with a public interest. If it is, whether the business is carried on by a common carrier or a private carrier, the legislature may constitutionally require persons engaged in such business to obtain from the commission a certificate of public necessity and convenience, as a privilege of pursuing the business on the public highways of the State. When that certificate has been obtained, and only when it is obtained, the Comptroller-general may require the taxes on the class of motor-carriers included in the act. Also, when the certificate of public necessity and convenience has been obtained, the Public-Service Commission will be in duty bound, and constitutionally empowered, to impose regulations upon each and every of such carriers according to the nature and character of the business transacted. In all of these cases the petitioners, alleging themselves to be private motor-carriers, operating for hire on the public highways, deny the constitutional power of the State to regulate their business in any respect whatever under the act of 1929; so that it is unnecessary to discuss what regulation might be applied. This is especially true, when the Public-Service Commission has not in any of these cases yet undertaken to apply any regulation beyond notifying petitioners that they will be required to obtain certificates of public necessity and convenience.

4, 5. It is unnecessary for me to discuss the rulings made in the fourth and fifth headnotes, dealing with the question whether the evidence in this case demanded a finding that the plaintiff was a private and not a common carrier, since the act applies to both classes of carriers.

6. I dissent from the ruling made in the sixth headnote.