McENTYRE *et al. v.* GEORGIA PUBLIC-SERVICE COMMISSION *et al.*

Nos. 9148, 9149.  FEBRUARY 16, 1933.

*J. Ira Harrelson, S. H. Goodman,* and *Norman DeKrasner,* for plaintiffs.

*Lawrence S. Camp, attorney-general,* and *T. R. Gress* and *John I. Kelley, assistant attorneys-general,* for defendants.

BECK, P. J.  In May, 1931, R. L. McEntyre and others filed a petition against Georgia Public-Service Commission, seeking to restrain the commission from regulating or attempting to regulate them as private or contract motor carriers for hire over the highways of the State of Georgia.  The petition alleged that each of the petitioners was a private carrier and not subject to regulation by the commission, by reason of the fact that the motor-carrier act approved March 31, 1931, was not applicable to the operation of motor carriers other than common carriers.  Later the same petitioners filed a new and distinct petition containing substantially the same allegations, and praying for the same relief sought in the first petition.  The Georgia Public-Service Commission filed its answer to the first petition, in which it denied that the plaintiffs or either of them were exempt from the provisions of the motor-carrier act of

1931; and later filed an answer to the second petition, setting up the same defense. Both cases were heard together on May 9, 1932, upon which hearing the presiding judge denied the prayers of the petitioners and allowed the commission to enforce its regulations against each of them as a private carrier of goods and passengers for hire over the highways of the State. The following material evidence was introduced by plaintiffs and defendant: It was admitted that plaintiffs are private carriers of goods for hire, operating between no fixed termini, and without schedule in hauling upon the highways or elsewhere in the State of Georgia; that they have no fixed rate of charges for such hauling, do not haul for the public indiscriminately and indifferently, are not bound to haul between any fixed termini or over any certain route, are not liable as an insurer for any goods hauled, have the right to accept or refuse offered business for any reason or no reason, as they see fit; that each trip is by individual and separate agreement as to compensation before they agree to undertake such trip; that often they do not use the highways of the State when carrying out a contract outside the corporate limits of their towns and cities, but in going outside of such limits often go to isolated spots off the highways, over country roads and lanes. The defendant was threatening to enforce immediate arrest of petitioners if they continued carrying on their operations; they would be compelled to cease entirely from contracting jobs that would necessitate their going outside their respective limits, or comply with the requirements of the Public-Service Commission as to securing certificates of public convenience and necessity, furnishing bond and insurance, submitting to regulations and charges, making reports, etc., and the payment of fees and charges; some of plaintiffs having been arrested. The verified petition, intervention, and answers were given in evidence. The court passed an order denying an injunction, and the plaintiffs excepted.

It is the contention of plaintiffs that while they are private carriers of goods for hire, entering into and making separate bargains and contracts with each person desiring to engage their services in hauling goods, as to the charges to be made and the terms of the engagement, making their charges for carriage at whatever rate or figure is agreed upon, considering the condition of the roads they must travel, the time, size, weight of the load, etc., to be carried, they have the right to accept or reject offers of goods for carriage;

and that in view of the facts thus alleged, and certain other allegations in their petition, they are not subject to the provisions of the act relating to motor-vehicle carriage for hire, the same being an act "to raise revenue by levying taxes on those who pursue the business of operating motor-vehicles on the public highways of this State for the carrying of passengers or property," etc., passed at the extraordinary session of the legislature of this State for 1931, and approved March 31, 1931 (Ga. L. Ex. Sess. 1931, p. 63), nor subject to the provisions of the act passed at the regular session of 1931, and approved August 28, 1931, which is an act "to amend and reenact as amended the motor-carriers tax act of March 31, 1931" (Ga. L. 1931, p. 90). It is contended that both of these acts, if applied to the plaintiffs, are unconstitutional and void, in that they attempt to regulate the private business of plaintiffs, to compel them, in order to carry on their business, to secure a certificate of public convenience and necessity, furnish cargo insurance or bond, submit to a regulation of charges and rates, make reports of contracts, etc., and otherwise to submit to the regulations imposed by the acts and certain rules and regulations which are applicable only to common carriers, which would virtually convert them into common carriers, in violation of paragraph 3 of section 1 of article 1 of the constitution of this State, which declares that no person shall be deprived of property, except by due process of law; and in violation of the provisions of the Federal constitution, declaring that no State shall deprive any person of property without due process of law; that no State shall pass any law impairing the obligation of contracts; and that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid.

In the brief of counsel for the plaintiffs among the decisions which they insist are controlling in this case they cite *McIntyre* v. *Harrison,* 172 *Ga.* 65 (157 S. E. 499), and *Georgia Public-Service Commission* v. *Taylor,* 172 *Ga.* 100 (15 S. E. 515). We do not think that either of those decisions is controlling. In those cases it was held: "The motor-carrier act of 1929 is applicable alone to common carriers by automotor-vehicles, and does not apply to private carriers of goods in such vehicles for hire over the public highways of this State; and such private carriers are not thereby subjected to the control or regulation of the Public Service Commission of this

State. . . Where a motor-vehicle operator is in fact an existing private carrier, the legislature can not by its edict compel him to become a public or common carrier, so as to subject him to regulations which are applicable alone to common carriers." The motor-carriers act of 1929 was under consideration and in each case only three Justices concurred. In the present case the two acts passed by the legislature in 1931, one at the extraordinary session and the other at the regular session, are under consideration; and the decision upon the main question in the instant case is not controlled by what was ruled in the *McIntyre* and *Taylor* cases. In the motor-carriers act approved March 31, 1931, are the following paragraphs, in section 2:

"(C) Carriers of passengers for hire, not common carriers: Those engaged in the business of carriage of passengers for hire, but not being common carriers, shall pay a tax calculated by taking two thirds of the rate assessed against common carriers under like conditions, except that where the weight of the bus or vehicle exceeds 12,000 pounds, or the distance of the carriage exceeds 100 miles, the rate of tax shall be the same as that imposed on common carriers of passengers. If the carriage be over fixed route, such carrier of passengers may make application and pay on an annual basis as in the cases of common carriers of passengers; but if not on a fixed route, the tax shall be assessed, computed, and paid in the manner prescribed above as to common carriers of passengers engaged in interstate commerce who do not pay upon an annual basis. In either event, the application must be made and the tax paid according to the method selected, and this shall apply to such carriers whether engaged in interstate commerce or not.

"(D) Carriers of goods for hire not being common carriers: Those engaged in the carriage of goods for hire, but not being common carriers, shall pay the tax at the same rate and method of calculation and in the same manner as common carriers of goods, except that if such carrier does not operate over a fixed route he may make application and pay in like manner as is prescribed for common carriers of goods engaged in interstate commerce."

And other provisions of that act show that carriers of goods for hire, not common carriers, are brought under the regulation of which the petitioners complain.

We are of the opinion that the provisions in this statute which

are challenged as being unconstitutional if applicable to private carriers are not an attempt to convert private-contract carriers by motor into common carriers. The provisions which we have above quoted in full show that this is not the case. Common carriers by motor and private-contract carriers are classified separately and subject to distinct provisions. It was certainly the purpose of the legislature to avoid an attempt or the appearance of an attempt to convert a private-contract carrier into a common carrier. As was said in Stephenson *r*. Binford (U. S.), 53 Sup. Ct. 181, "It is true that the regulations imposed upon the two classes are in some instances similar, if not identical; but they are imposed upon each class considered by itself, and it does not follow that regulations appropriately imposed upon the business of a common carrier may not also be appropriate to the business of a contract carrier." In that case the Supreme Court of the United States had under consideration the Texas statute having many provisions similar to the Georgia statute now before us. And the court laid down the general principle that "It is well-established law that the highways of the State are public property; that their primary and preferred use is for private purposes; and that their use for purposes of gain is special and extraordinary, which, generally at least, the legislature may prohibit or condition as it sees fit." As appears from the official report, the appellants attacked the statute upon substantially the same grounds as those upon which the attack in this case is based: (1) That, as applied to appellants, all of whom are private-contract carriers, the result of the statute is to compel them to dedicate their property to the quasi public use of public transportation before they can operate their motors over the highways, and thus to take their property for public use without adequate compensation and to deprive them of their property without due process of law. In other words, the alleged effect of the statute is to convert the private carriers into common carriers by legislative fiat. (2) That the business of appellants is not affected with a public interest, and the provisions of the statute so declaring in terms, or in effect, constitute an attempt to deprive appellants of their property without due process of law, and to abrogate their right of private contract. (3) That the statute by requiring appellants to obtain a permit in the nature of a certificate of public convenience and necessity subjects them to other regulations before they can lawfully op-

erate upon the highways, which regulations are not imposed upon other private carriers similarly situated, and thereby appellants are denied the equal protection of the laws.   (4) That other regulations to which appellants are subjected are not made applicable to persons using the highways in transportation of their own commodities under substantially similar conditions, and thereby appellants are denied the equal protection of the laws.   So far as the questions raised in the present bill of exceptions are argued in the brief of counsel for the plaintiffs, the ruling by the United States Supreme Court is controlling; and we accept the doctrine laid down there in all respects, so far as applicable to the present case.

Other attacks upon the statute under consideration were made in the petition and the bill of exceptions, but they are not argued or mentioned in the brief of counsel for plaintiffs, and therefore are treated as abandoned.   The court did not err in refusing an injunction.        *Judgment affirmed.   All the Justices concur.*